**EXHIBIT A**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
21L0146
St. Clair County
2/12/2021 2:50 PM
12203495

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| PAUL MEYER and BRENDA MEYER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   21 - L - **0146** |
| JOHN MOHLER, MULTIMEDIA KSDK, INC., MULTIMEDIA KSDK, LLC., and TEGNA, INC. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

### COUNT I

### PLAINTIFF PAUL MEYER | DEFENDANT JOHN MOHLER

NOW COMES the Plaintiff, PAUL MEYER, by his attorneys, Kevin Boyne and Jason B. Going, and for his cause of action against Defendant, JOHN MOHLER, states as follows:

1. That on March 6, 2019, Plaintiff, PAUL MEYER, was traveling westbound on Mascoutah Avenue and approaching its intersection with Illinois Route 158 in Shiloh Valley Township, St. Clair County, Illinois.

2. That at said time and place, Defendant, JOHN MOHLER, was operating a 2012 Ford Escape southbound on Illinois Route 158 and approaching its intersection with Mascoutah Avenue in Shiloh Valley Township, St. Clair County, Illinois.

3. That before and at the time of the occurrence set forth herein, it was the duty of Defendant, JOHN MOHLER, to exercise ordinary care for the safety of Plaintiff.

4. That in violation of the aforestated duty, Defendant, JOHN MOHLER, was then and there guilty of one or more of the following negligent acts or omissions:

   a) failing to stop at a stop sign in violation of 625 ILCS 5/11-904(b);

   b) failing to yield the right-of-way to another vehicle which has entered the intersection in violation of 625 ILCS 5/11-904(b);

   c) failing to yield the right-of-way to another vehicle which is approaching so closely on the roadway as to constitute an immediate hazard in violation of 625 ILCS 5/11-904(b);

   d) operating his vehicle at a speed greater than was reasonable and proper in violation of 625 ILCS 5/11-601;

   e) operating his vehicle at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway in violation of 625 ILCS 5/11-601;

   f) failing to keep a proper lookout for other vehicles on the roadway;

   g) failing to be attentive;

   h) failing to reduce his speed to avoid an accident in violation of 625 ILCS 5/11-601;

   i) failing to keep his vehicle under control;

   j) failing to use ordinary care to avoid a collision;

   k) failing to use ordinary care for the safety of Plaintiff;

   l) operating his vehicle at a speed greater than reasonable so as to endanger the safety of other persons on the roadway in violation of 625 ILCS 5/11-601.

5. That as a direct and proximate result of one or more of the aforestated negligent acts or omissions on the part of Defendant, JOHN MOHLER, the 2012 Ford Escape JOHN MOHLER was operating struck Plaintiff's vehicle causing Plaintiff bodily injuries and the following damages:

   a) disability and disfigurement;

   b) pain and suffering, past and future;

   c) medical bills, past and future;

   d) loss of income;

   e) loss of a normal life.

WHEREFORE, Plaintiff, PAUL MEYER, prays that judgment be entered in his favor and against the Defendant, JOHN MOHLER, in the amount of his actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT II

### PLAINTIFF BRENDA MEYER | DEFENDANT JOHN MOHLER

NOW COMES the Plaintiff, BRENDA MEYER, by her attorneys, Kevin Boyne and Jason B. Going, and for her cause of action against Defendant, JOHN MOHLER, states as follows:

1. That on March 6, 2019, Plaintiff, BRENDA MEYER, was a passenger in a vehicle traveling westbound on Mascoutah Avenue and approaching its intersection with Illinois Route 158 in Shiloh Valley Township, St. Clair County, Illinois.

2. That at said time and place, Defendant, JOHN MOHLER, was operating a 2012 Ford Escape southbound on Illinois Route 158 and approaching its intersection with

Mascoutah Avenue in Shiloh Valley Township, St. Clair County, Illinois.

3. That before and at the time of the occurrence set forth herein, it was the duty of Defendant, JOHN MOHLER, to exercise ordinary care for the safety of Plaintiff.

4. That in violation of the aforestated duty, Defendant, JOHN MOHLER, was then and there guilty of one or more of the following negligent acts or omissions:

   a) failing to stop at a stop sign in violation of 625 ILCS 5/11-904(b);

   b) failing to yield the right-of-way to another vehicle which has entered the intersection in violation of 625 ILCS 5/11-904(b);

   c) failing to yield the right-of-way to another vehicle which is approaching so closely on the roadway as to constitute an immediate hazard in violation of 625 ILCS 5/11-904(b);

   d) operating his vehicle at a speed greater than was reasonable and proper in violation of 625 ILCS 5/11-601;

   e) operating his vehicle at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway in violation of 625 ILCS 5/11-601;

   f) failing to keep a proper lookout for other vehicles on the roadway;

   g) failing to be attentive;

   h) failing to reduce his speed to avoid an accident in violation of 625 ILCS 5/11-601;

   i) failing to keep his vehicle under control;

   j) failing to use ordinary care to avoid a collision;

   k) failing to use ordinary care for the safety of Plaintiff;

    l) operating his vehicle at a speed greater than reasonable so as to endanger the safety of other persons on the roadway in violation of 625 ILCS 5/11-601.

5. That as a direct and proximate result of one or more of the aforestated negligent acts or omissions on the part of Defendant, JOHN MOHLER, the 2012 Ford Escape JOHN MOHLER was operating struck the vehicle in which Plaintiff was a passenger causing Plaintiff bodily injuries and the following damages:

    a) disability and disfigurement;

    b) pain and suffering, past and future;

    c) medical bills, past and future;

    d) loss of income;

    e) loss of a normal life.

WHEREFORE, Plaintiff, BRENDA MEYER, prays that judgment be entered in her favor and against the Defendant, JOHN MOHLER, in the amount of her actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT III

### PLAINTIFF PAUL MEYER | DEFENDANT MULTIMEDIA KSDK, INC.

NOW COMES the Plaintiff, PAUL MEYER, by his attorneys, Kevin Boyne and Jason B. Going, and for his cause of action against Defendant, MULTIMEDIA KSDK, INC., states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count I as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, INC., was organized and existing as a Missouri corporation doing business in the State of Illinois.

7. At all times herein, Defendant, MULTIMEDIA KSDK, INC., operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, INC., was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, MULTIMEDIA KSDK, INC., within the scope of his agency or employment.

WHEREFORE, Plaintiff, PAUL MEYER, prays that judgment be entered in his favor and against the Defendant, MULTIMEDIA KSDK, INC., in the amount of his actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT IV

### PLAINTIFF BRENDA MEYER | DEFENDANT MULTIMEDIA KSDK, INC.

NOW COMES the Plaintiff, BRENDA MEYER, by her attorneys, Kevin Boyne and Jason B. Going, and for her cause of action against Defendant, MULTIMEDIA KSDK, INC., states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count II as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, INC., was organized and existing as a Missouri corporation doing business in the State of Illinois.

7. At all times herein, Defendant, MULTIMEDIA KSDK, INC., operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, INC., was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, MULTIMEDIA KSDK, INC., within the scope of his agency or employment.

WHEREFORE, Plaintiff, BRENDA MEYER, prays that judgment be entered in her favor and against the Defendant, MULTIMEDIA KSDK, INC., in the amount of her actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT V

### PLAINTIFF PAUL MEYER | DEFENDANT MULTIMEDIA KSDK, LLC

NOW COMES the Plaintiff, PAUL MEYER, by his attorneys, Kevin Boyne and Jason B. Going, and for his cause of action against Defendant, MULTIMEDIA KSDK, LLC, states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count I as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, LLC, was organized and existing as a Missouri limited liability company doing business in the State of Illinois.

7. At all times herein, Defendant, MULTIMEDIA KSDK, LLC, operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, LLC, was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, MULTIMEDIA KSDK, LLC, within the scope of his agency or employment.

WHEREFORE, Plaintiff, PAUL MEYER, prays that judgment be entered in his favor and against the Defendant, MULTIMEDIA KSDK, LLC, in the amount of his actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT VI

### PLAINTIFF BRENDA MEYER | DEFENDANT MULTIMEDIA KSDK, LLC

NOW COMES the Plaintiff, BRENDA MEYER, by her attorneys, Kevin Boyne and Jason B. Going, and for her cause of action against Defendant, MULTIMEDIA KSDK, LLC, states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count II as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, LLC, was organized and existing as a Missouri limited liability company doing business in the State of Illinois.

7. At all times herein, Defendant, MULTIMEDIA KSDK, LLC, operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, MULTIMEDIA KSDK, LLC, was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, MULTIMEDIA KSDK, LLC, within the scope of his agency or employment.

WHEREFORE, Plaintiff, BRENDA MEYER, prays that judgment be entered in her favor and against the Defendant, MULTIMEDIA KSDK, LLC, in the amount of her actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT VII

### PLAINTIFF PAUL MEYER | DEFENDANT TEGNA, INC

NOW COMES the Plaintiff, PAUL MEYER, by his attorneys, Kevin Boyne and Jason B. Going, and for his cause of action against Defendant, TEGNA, INC., states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count I as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, TEGNA, INC., was organized and existing as a Virginia corporation doing business in the State of Illinois.

7. At all times herein, Defendant, TEGNA, INC., operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, TEGNA, INC, was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, TEGNA, INC, within the scope of his agency or employment.

WHEREFORE, Plaintiff, PAUL MEYER, prays that judgment be entered in his favor and against the Defendant, TEGNA, INC, in the amount of his actual damages which are in excess of $50,000 together with all costs incurred herein.

## COUNT VIII

### PLAINTIFF BRENDA MEYER | DEFENDANT TEGNA, INC

NOW COMES the Plaintiff, BRENDA MEYER, by her attorneys, Kevin Boyne and Jason B. Going, and for her cause of action against Defendant, TEGNA, INC., states as follows:

1-5. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 of Count II as Paragraphs 1 through 5 of this Count.

6. That at all times set forth herein, Defendant, TEGNA, INC., was organized and existing as a Virginia corporation doing business in the State of Illinois.

7. At all times herein, Defendant, TEGNA, INC, operated a television station in the St. Louis metropolitan area which employed Defendant, JOHN MOHLER.

8. That at all times set forth herein, Defendant, TEGNA, INC., was the owner of the 2012 Ford Escape being operated by Defendant, JOHN MOHLER, at the time of the collision set forth herein.

9. That before and at the time of the collision set forth herein, Defendant, JOHN MOHLER, was driving said 2012 Ford Escape as the agent or employee of Defendant, TEGNA, INC., within the scope of his agency or employment.

WHEREFORE, Plaintiff, BRENDA MEYER, prays that judgment be entered in her favor and against the Defendant, TEGNA, INC., in the amount of her actual damages which are in excess of $50,000 together with all costs incurred herein.

Respectfully Submitted,

KEVIN BOYNE, P.C. - IL#06180621
**Attorney for Plaintiff**
1803 North Belt West
Belleville, IL 62226-5926
(618) 277-8278
FAX: (618) 277-5360
kevinboyne@peaknet.net

JASON B. GOING - IL#6306033
Law Office of Jason B. Going
**Co-Counsel for Plaintiff**
1803 North Belt West
Belleville, IL 62226-5926
(618) 581-9772
Fax: (618) 277-5360
jbgoing@goinglawfirm.com

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
21L0146
St. Clair County
2/12/2021 2:50 PM
12203495

IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| PAUL MEYER and<br>BRENDA MEYER,<br><br>          Plaintiffs,<br><br>v.<br><br>JOHN MOHLER,<br>MULTIMEDIA KSDK, INC.,<br>MULTIMEDIA KSDK, LLC.,<br>and TEGNA, INC.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   21 - L - **0146**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RULE 222(b) AFFIDAVIT

This Affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by each Plaintiff herein DO exceed $50,000.00.

Respectfully Submitted,

*/s/ Kevin Boyne*

**Attorney for Plaintiff**
Kevin Boyne, P.C.
Kevin Boyne   - IL# 6180621
1803 N. Belt West
Belleville, IL 62226
Phone: (618) 277-7770
Fax:    (618) 277-5360
kevinboyne@peaknet.net

*/s/ Jason B. Going*

**Co-Counsel for Plaintiff**
Law Office of Jason B. Going
Jason B. Going   - IL# 6306033

Page 1 of 1